Meagher *v.* Hollenberg.

## P. MEAGHER AND WIFE *v.* H. G. HOLLENBERG.

1. MARRIED WOMAN. *Conditional sale.* A married woman contracted with a dealer for the purchase of a piano, and signed an instrument of writing, by which she acknowledged receipt of the piano, at a certain valuation, with right of use, and agreed to purchase it by monthly instalments of a given sum, or more if convenient, a deduction of ten per cent. to be made in the price if paid in twelve months, the title being retained by the dealer until the payments were made in full and at the time agreed, with the right on his part to resume possession in default of payments as stipulated, and in certain other contingencies, the payments, in that event, to be in full for the use of the piano at the rate of the monthly instalments of purchase money. *Held,* that the stipulation to pay rent must be treated as conditional upon the purchaser's election to abandon the purchase, and would not otherwise be binding on her.

2. SAME. *Same.* The married woman made payments, but not in accordance with the terms of the contract, and the vendor brought an action of replevin for the piano. *Held,* that the married woman might, by bill in equity, enjoin the action, and have the transaction declared a sale at the price, and upon the terms of payment agreed on, with the legal title retained by the vendor as security for the purchase money, and a decree adjusting rights accordingly.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

W. M. RANDOLPH for complainants.

H. C. WARRINER for defendant.

COOPER, J., delivered the opinion of the court.

On April 17, 1878, Ellen Meagher, then and now

the wife of complainant P. Meagher, received from the defendant Hollenberg a piano, signing at the time the following written instrument:

"This certifies that I, Mrs. P. Meagher, of Memphis, Tenn., have received of H. G. Hollenberg, of Memphis, Tenn., one piano, made H. G. Hollenberg style, valued at $400; that I am at liberty to use the said piano with care, keeping it in good order as when received; that I agree to insure it for the benefit of H. G. Hollenberg for the amount still unpaid; that I have agreed to purchase the said piano by paying on delivery ten dollars cash, the receipt of which is hereby acknowledged, and balance in monthly payments of not less than ten dollars per month—more when convenient. In case of large payments, so that the piano is paid for in twelve month, Mr. Hollenberg is to deduct 10 per cent. That it is further agreed and understood that the right and title of said piano is retained and held by said H. G. Hollenberg until all payments are made in full, and at the time agreed; and that, in default of the regular payments, or if said H. G. Hollenberg shall have reason to deem himself insecure, or I shall sell, or offer for sale, remove or attempt to remove the said piano from my residence without the written consent of H. G. Hollenberg or his agents, then or in either of these cases, he or his agents shall resume actual possession of said piano, and the payments theretofore made shall be in full for the use thereof at the rate of ten dollars per month, which rate I agree to pay for the ordinary use of the piano in case of failure on my part to purchase as

above agreed. I hereunto set my hand, this 17th day of April, 1878.        Ellen Meagher."

Between the date of this contract and the 25th of January, 1881, the complainant, Ellen Meagher, paid the defendant, at various times, and not in monthly instalments as agreed upon, $183. She made fifteen or more payments in all, five or more of them under $10 each, two of $10 each, and six of over that sum each. In October, 1880, she made one payment of $30, and in November and December, 1880, and January, 1881, she made three several payments, one in each of these months, of $20. Both parties in their pleadings and testimony agree that the transaction was a sale, Hollenberg expressly saying: "The object was to purchase and not to rent." A previous written contract of hiring of a piano between the same parties is in the record, showing a different form of instrument for that character of contract. The defendant, both in his answer and deposition, states that he frequently, at the instance of Mrs. Meagher, extended the time of payments, and further says, that about the 4th of January, 1881, she begged for further indulgence, and he agreed, upon her promise to perform, that if she would pay him $50 on the 8th of that month, he would wait three months for the balance, and not claim the piano. On January 11, 1881, she paid $20 to the defendant's clerk, the defendant being then absent from the State, which was received. The receipts given for payments were usually "on account of piano," or "on piano account." Three were for "rent of piano." On January 25, 1881, the defend-

ant instituted his action of replevin for the piano. On the next day this bill was filed, enjoining the action at law, and seeking relief upon the ground that the contract was one of sale, the title being retained to secure the purchase money. The chancellor so decreed, and defendant appealed.

The contract was not one of renting with the liberty of purchase. It was clearly a sale and purchase of the piano at a fixed price, to be paid in monthly instalments of not less than ten dollars. The title was retained by the vendor until the purchase money was paid. Such a conditional sale is well known to our law, and valid: *Houston* v. *Dyche*, Meigs, 76. In such a case, the vendor may, by virtue of his legal title, recover possession of the property at law after breach of the terms of the contract by the vendee, or in equity enforce the payment of the purchase money by a sale of the chattel: *Gambling* v. *Read*, Meigs, 281. If the purchaser had paid any portion of the purchase money, his interest in the property would enable him to resort to a court of equity, after, and in a proper case before a recovery at law by the vendor, for an adjustment of the relative rights of the parties. The present contract undertakes to give the vendor, in default of regular payments by the vendee, and in other cases specified, the right to resume possession. Such a stipulation would not change the nature of the contract, nor alter the relative rights of the parties.

The written instrument goes a step further, and contains the provision which has occasioned the present

litigation. It says that in the event the vendor re-sumes possession, "the payments theretofore made shall be in full for the use thereof at the rate of ten dollars per month, which rate I (the vendee) agree to pay for the ordinary use of the piano in case of failure on my part to purchase as above agreed." But suppose the vendee had paid, as it was agreed she might do, more than the monthly instalment of $10. Suppose she had paid all the purchase money during the first year, except the last one or two instalments. What then? The contract, or written instrument is silent on the subject. Nor does it contain any stipulation that the contract of sale is to be void upon the election of the vendor to resume possession. In other words, the contract of sale and purchase would still remain in full force, and yet the vendor might retain money paid as rent. But the two contracts, of purchase and rent, are inconsistent with each other. And for this reason some courts have held that in cases of sale and delivery of chattels, an agreement to pay for the use is repugnant to the contract: See *Singer Machine Co.* v. *Cole*, 4 Lea, 440, where the cases are cited. It is a fundamental rule of construction that all the parts of a written instrument should be treated as intended to be operative. That is to say, such a construction should be adopted as will give effect to all its parts. The primary intent of this contract was to sell. "The object was to purchase, not to rent," says defendant himself. To preserve this intent and this object, the rental clause must be held to be conditional upon the purchaser or the defendant electing

to avoid the contract of sale. The vendor has not stipulated for this right. It cannot be conceded to him without an express stipulation to that effect, for it would put it in his power to declare the contract of sale at an end after most of the purchase money had been paid, upon the slightest failure to comply with the terms of sale on the part of the vendee. It must, therefore, mean, if she, the vendee, elects to avoid the sale, or abandon the purchase. In that event, it would be proper for her to pay for the use of the piano, and she would have the right to be repaid any surplus of purchase money.

Unless this construction be put upon the contract, the reservation of rent would be in the nature of a penalty or forfeiture, against which equity would relieve under the circumstances. The testimony of the defendant shows a continuous waiver by the defendant of a regular compliance with the terms of the contract on the part of Mrs. Meagher, and an express agreement by him in January, 1881, to accept payment of the purchase money, if made in a given time. And, although the utter failure of the purchaser to comply with the terms of the contract entitles her to nothing more than her strict legal rights, she has acquired by her payments an interest in the piano which the court must recognise.

Another difficulty lies in the way of the defendant in this case. The contract, so far as it is executory by the complainant Ellen Meagher, is void, by reason of her incapacity as a married woman to make it: *Kirby* v. *Miller*, 4 Cold., 3. She may take title or an

interest in property by a sale to her, and the vendor, who retains the title or a lien to secure the purchase money, may enforce it against the property: *Willingham* v. *Leake,* 7 Baxt., 453; *Jackson* v. *Rutledge,* 3 Lea, 626. The contract of the married woman to turn purchase money, upon a future contingency, into rent, would be executory, and not binding.

The chancellor attained the ends of justice by requiring the complainants to pay into court for the defendant the balance of the purchase money within the time given by the contract. And his decree will be affirmed with costs.